IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JEWEL SALO**, as personal representative of **SAMAN H. SALO**, deceased, **WILLIAM A. CAMPBELL**, an individual, **RICHARD A. RHODES**, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> **HEALTHSOUTH CORP.**, a corporation doing business in Alabama; **VINCENT NICO**, an individual, and **ROBERT CROWDER**, an individual, <br><br> Defendants. | ] <br> ] <br> ] <br> ] <br> ] <br> ] <br> ] <br> ] <br> ] **CV-05-BE-0006-S** <br> ] <br> ] <br> ] <br> ] <br> ] <br> ] <br> ] |

## MEMORANDUM OPINION

### INTRODUCTION

This case is before the court on HealthSouth's Renewed Motion to Compel Arbitration (doc. 21), Motion to Dismiss the Amended Complaint (doc. 23), and Motion for Leave to File an Amended Notice of Removal (doc. 35). For the reasons stated at the March 8, 2006 hearing, and summarized below, the court finds that the Renewed Motion to Compel Arbitration is **DENIED** because this breach of contract dispute between Plaintiffs and HealthSouth is not governed by the arbitration clause in the contract between HealthSouth and the Foundation. Accordingly, the Motion for Leave to File an Amended Notice of Removal is **DENIED as moot**. The case is **REMANDED** for lack of subject matter jurisdiction.

## BACKGROUND

**I. Procedural History.**

This case presents the question of whether an arbitration clause in a contract between HealthSouth and the Foundation can bind Plaintiffs/employees to arbitrate their breach of contract claim against HealthSouth. The contract between Plaintiffs and HealthSouth did not contain its own arbitration provision but referenced the Plaintiffs' employment contracts with the Foundation. The employment contracts likewise did not have an arbitration provision but did refer to the conflict resolution provisions of the contract between HealthSouth and the Foundation. The employment contracts did not provide that all disputes would be resolved through arbitration, but only those disputes between Plaintiffs and the Foundation to which HealthSouth was a party were subject to international arbitration

For the reasons stated below, the court finds that the breach of contract disputes here do not trigger the provision in the employment contracts referring resolution of certain disputes by arbitration as contained in the Secondment Agreement. Further, the court finds that it lacks subject matter jurisdiction over the case, so it must be remanded to state court.

Plaintiffs Jewel Salo, as personal representative of Saman H. Salo, deceased, William Campell, and Richard Rhodes sued Defendants HealthSouth Corp., Vincent Nico, and Robert Crowder for monetary damages related to compensation owed pursuant to certain Letter Agreements between Plaintiffs and HealthSouth. Plaintiffs are alleged to be residents of Florida. Defendants are alleged to be residents of Alabama.

Plaintiffs filed their initial Complaint in the Circuit Court of Jefferson County, Alabama. The Complaint set forth, in part, a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 28 U.S.C. § 1961. Consequently, HealthSouth removed the case to

this court on the basis of federal question jurisdiction. Thereafter, HealthSouth filed a Motion to Dismiss (doc. 6) and a Motion to Compel Arbitration (doc. 8). Plaintiffs subsequently filed an Amended Complaint (doc. 18) that eliminated any RICO claim; rather, it contained only state law claims for breach of contract, misrepresentation, and intentional infliction of emotional distress. HealthSouth then submitted a Renewed Motion to Compel Arbitration and a Motion to Dismiss the Amended Complaint. The court set the case for hearing on these two motions.

On the morning of the March 8, 2006 hearing, HealthSouth filed a Motion for Leave to File an Amended Notice of Removal (doc. 35). Notwithstanding the absence of federal question jurisdiction on the face of the Amended Complaint, HealthSouth contends that this court has subject matter jurisdiction in accordance with the Federal Arbitration Act ("FAA"). Plaintiffs argue that the FAA does not apply because the contracts that are central to this dispute do not contemplate sending this case to arbitration. Despite the parties' conflicting positions on the applicability of the FAA to this case, both parties agree that if the FAA does not apply, then this court does not have subject matter jurisdiction over this lawsuit.

**II. Facts.**

The relationship between Plaintiffs, HealthSouth, and the non-party Sultan bin Abdulaziz Al-Saud Foundation (the "Foundation") rests on a series of related contracts that established Plaintiffs' employment in Saudi Arabia.

**A. The Secondment and Management Agreements.**

In August 2000, the Foundation was in the process of constructing the Sultan Bin Abdulaziz City for Humanitarian Services (the "City") in Binban, Saudi Arabia. The City included a hospital and related facilities. At that time, HealthSouth was in the business of operating medical facilities similar to those being constructed by the Foundation. As a result, the

3

Foundation sought HealthSouth's assistance to "second," or lease managerial and/or administrative personnel for certain of the City's health care operations.

On August 12, 2000, HealthSouth and the Foundation executed the Secondment and Management Agreement ("Secondment Agreement"). Under this agreement, HealthSouth was obligated to provide employees to the Foundation who would operate certain City hospital services. The following provision of the Secondment Agreement is relevant to the pending motions:

> [8.2] In the event of any dispute arising under this Agreement...either Party may submit the dispute to arbitration by a panel of three (3) arbitrators under the Rules of the London Court of International Arbitration, as modified by the provisions of this Section 8. The seat of the arbitration shall be London, England, and the language of the arbitration shall be English.[1]

None of the Plaintiffs were parties to this contract.

**B. Plaintiffs' City Employment Agreements with the Foundation.**

Each Plaintiff was a leased employee and executed a City Employment Agreement directly with the Foundation, as required by the Secondment Agreement. HealthSouth was not a party to the City Employment Agreements.[2] These agreements were executed after the Secondment Agreement. The City Employment Agreements identify the Foundation as the Plaintiffs' sole employer, and delineate the Foundation's responsibilities as to Plaintiffs. The following provisions of the City Employment Agreements are relevant to the pending motions:

> [4] As full compensation for Employee's services hereunder, the FOUNDATION shall pay Employee during the Employment Period the

---

[1] Secondment Agreement, § 8.2.

[2] Def.'s Mot. to Compel Arb., Ex. B, Employment Agreements (listing the Foundation and each individual Plaintiff as parties to the agreements).

compensation set forth in this Section.[3]

[16.2] This Agreement shall be subject to the laws of Saudi Arabia and in particular, the Saudi Labor Regulations; *provided, however, that if HEALTHSOUTH is a **party** to any dispute **between** the FOUNDATION **and** the Employee*, the dispute resolution and governing law provisions of Section 8 of the Secondment and Management Agreement shall govern such dispute.[4]

**C. Plaintiffs' Letter Agreements with HealthSouth.**

To induce Plaintiffs to travel to Saudi Arabia and work for the Foundation, HealthSouth entered into supplemental Letter Agreements with each Plaintiff. Each Letter Agreement contains a guaranty for the payment of any sums that may be owed by the Foundation to the Plaintiffs as leased employees pursuant to the terms of the City Employment Agreement. The following terms of the Letter Agreements are relevant to the pending motions:

[1] You agree to perform, and be bound by, in all respects the City Employment Agreement.[5]

[6] *To induce you to execute and deliver this Agreement and the City Employment Agreement with the Foundation, HEALTHSOUTH hereby absolutely and unconditionally guarantees the full, prompt and faithful payment of all sums stipulated to be paid by the Foundation pursuant to the City Employment Agreement during your continued employment thereunder*, it being understood that each such covenant or obligation to pay any such amount constitutes the direct and primary obligation of HEALTHSOUTH during your continued employment thereunder. *HEALTHSOUTH* hereby *waives...all rights to require you to proceed against the Foundation*, or to pursue any other remedy you may have against the Foundation in the event of a breach by the Foundation of any obligation or covenant contained in this Agreement....Upon the payment to you of any monies due under this paragraph 6, HEALTHSOUTH shall

---

[3]*Id.*, § 4 (same paragraph in all three City Employment Agreements).

[4]*Id.*, § 16.2 (same paragraph in all three City Employment Agreements) (emphasis added). Section 8 of the Secondment Agreement, set forth *supra*, calls for international arbitration.

[5]Def.'s Mot. to Compel Arb., Ex. C, ¶ 1 in all three Letter Agreements.

      succeed to all rights you may have against the Foundation.[6]

[10]    This Agreement shall be interpreted, construed and enforced in accordance with the laws of the State of Alabama, applied without giving effect to any conflicts-of-law principles.[7]

Plaintiffs filed this suit seeking damages allegedly owed pursuant to these Letter Agreements. Plaintiffs claim that when their employment with the Foundation ended, they were due certain compensation pursuant to their Employment Agreements with the Foundation. When that compensation was not paid, Plaintiffs sought relief from HealthSouth in accordance with section 6 of the Letter Agreements. Whether the Letter Agreements cover the compensation at issue is disputed in this case. This memorandum opinion, however, focuses solely on whether the inter-relationship of these contracts mandate that this dispute goes to arbitration.

## STANDARD OF REVIEW

Generally, the court determines whether a party is bound to arbitrate, and what issues it must arbitrate, by applying ordinary state contract-law principles to the language of the parties' contract. *See First Options of Chicago v. Kaplan*, 514 U.S. 938, 943, 944 947 (1995); *AT & T Tech., Inc. v. Communications Workers of America*, 475 U.S. 643, 649 (1986). In this case, the Letter Agreements provide that Alabama law shall apply. In construing a written arbitration agreement, the FAA "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Memorial Hosp.*, 460 U.S. at 24-25.

---

      [6]Def.'s Mot. to Compel Arb., Ex. C (Salo Letter Agreement, ¶ 6; Campbell Letter Agreement, ¶ 4; Rhodes Letter Agreement, ¶ 6) (emphasis added).

      [7]Def.'s Mot. to Compel Arb., Ex. C (Salo Letter Agreement, ¶ 10; Campbell Letter Agreement, ¶ 8; Rhodes Letter Agreement, ¶ 10).

However, "the FAA's pro-arbitration policy does not operate without regard to the wishes of the contracting parties." *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 57 (1995). Indeed, the FAA is "at bottom" simply "a policy guaranteeing the enforcement of private contractual arrangements." *Mitsubishi Motors Corp. v. Soler Chrysler--Plymouth, Inc.*, 473 U.S. 614, 625 (1985). Accordingly, the FAA "does not require parties to arbitrate when they have not agreed to do so." *Volt Info. Sci's., Inc. v. Bd. of Tr. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989). "Nothing in the statute authorizes a court to compel arbitration of any issues, or by any parties, that are not already covered in the agreement." *E.E.O.C. v. Waffle House, Inc.,* 534 U.S. 279, 289 (2002).

The parties' burdens on a motion to compel arbitration resemble the parties' burdens on a motion for summary judgment. *See Kenworth of Birmingham, Inc. v. Langley*, 828 So. 2d 288, 290 (Ala. 2002); *Allied-Bruce Terminix Co's. v. Dobson*, 684 So. 2d 102,108 (Ala. 1995) (citing *Par-knit Mills, Inc. v. Stockbridge Fabric Co.,* 636 F. 2d 51, 54 n.9 (3rd Cir. 1980)); *see also In re Knepp*, 229 B.R. 821, 835 (N.D. Ala. 1999) (citing 4 Am. Jur. 2d *Alternative Dispute Resolution* § 122 (1995) ("[g]enerally, the burden is on the movant to demonstrate to the court that the dispute is arbitrable.") A party seeking to compel arbitration must proffer a contract containing a written arbitration agreement and demonstrate that the underlying contract evidences a transaction affecting interstate commerce. *Kenworth of Birmingham*, 828 So. 2d at 290; *see also In re Knepp*, 229 B.R. at 835 (noting that the movant bears the burden to demonstrate by clear and unmistakable evidence that an agreement to arbitrate existed between the parties). If the party seeking to compel arbitration establishes the above-referenced elements, then the burden shifts to the opposing party to present evidence that the arbitration agreement is not valid or that it does not apply to the dispute in question. *Kenworth of Birmingham*, 828 So. 2d at 290.

7

## DISCUSSION

HealthSouth argues that the inter-relationship between the Letter Agreements, the Employment Agreements, and the Secondment Agreement dictates that this dispute be sent to arbitration in London, England. HealthSouth points to section 16.2 of Plaintiffs' Employment Agreements with the Foundation as requiring arbitration under section 8.2 of the Secondment Agreement whenever "HEALTHSOUTH is a party to any dispute between the FOUNDATION and the Employee..."[8] HealthSouth contends that Plaintiffs are bound to arbitrate this claim because Plaintiffs' true dispute is against the Foundation, and rests on the Foundation's alleged breach of the Employment Agreements. HealthSouth concludes that it is a mere party to the actual dispute between Plaintiffs and the Foundation; and, consequently, the dispute should be arbitrated in London.

The court recognizes that Plaintiffs' employment is governed by the inter-related contracts between Plaintiffs and the Foundation, the Foundation and HealthSouth, and HealthSouth and Plaintiffs. The court is also cognizant of the fact that the Letter Agreements between Plaintiffs and HealthSouth incorporate by reference the Employment Agreements between Plaintiffs and the Foundation, which refer to the Secondment Agreement between HealthSouth and the Foundation. However, nowhere in the Amended Complaint is the Foundation named as a *party* to this lawsuit. Indeed, the only defendants in this case are HealthSouth, Vincent Nico, and Robert Crowder. Nor does the Amended Complaint allege that Plaintiffs have *any* dispute pending in *any* court between Plaintiffs and the Foundation. Although the Foundation's alleged breach of the Employment Agreements may be relevant to Plaintiffs' claim, the fact remains that Plaintiffs are suing *HealthSouth* for *HealthSouth's* alleged

---

[8]Employment Agreements, § 16.2.

breach of the Letter Agreements directly between HealthSouth and Plaintiffs. Accordingly, no dispute exists between Plaintiffs and the Foundation that would trigger section 16.2 of the Employment Agreements. Because section 16.2 of the Employment Agreements is not activated, the arbitration provision contained in section 8.2 of the Secondment Agreement does not apply.

Moreover, Plaintiffs are not required to seek redress from the Foundation before pursuing a claim against HealthSouth. Section 6 of the Letter Agreements states that HealthSouth waived "all rights to require [Plaintiffs] to proceed against the Foundation" and that HealthSouth "shall succeed to all rights [Plaintiffs] may have against the Foundation" in the event HealthSouth pays money due under Section 6.[9] Accordingly, HealthSouth waived any right it had to require Plaintiffs to sue the Foundation. Should Plaintiffs prevail in their claim against HealthSouth, then HealthSouth shall acquire Plaintiffs' right to recover directly from the Foundation.

Furthermore, the court is not convinced that an arbitration provision contained in a contract twice removed from Plaintiffs' Letter Agreements with HealthSouth is sufficient to require international arbitration of the dispute between Plaintiffs and HealthSouth. Notwithstanding the FAA's pro-arbitration policy, the court will not enforce an arbitration provision that was not agreed to by the parties. *See Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 57 (1995) ("the FAA's pro-arbitration policy does not operate without regard to the wishes of the contracting parties"); *Volt Info. Sci's., Inc. v. Bd. of Tr. Of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989) (the FAA "does not require parties to arbitrate when they have not agreed to do so.")

In this case, the Letter Agreements incorporate by reference the Employment Agreements,

---

[9]Def.'s Mot. to Compel Arb., Ex. C (Salo Letter Agreement, ¶ 6; Campbell Letter Agreement, ¶ 4; Rhodes Letter Agreement, ¶ 6) (emphasis added).

which in turn refer to the Secondment Agreement which contains the arbitration provision. However, the Letter Agreements also specifies that they would "be interpreted, construed and enforced in accordance with the laws of the State of Alabama, applied without giving effect to any conflicts-of-law principles."[10]  Nowhere do the Letter Agreements address international arbitration.  Additionally, Plaintiffs were not parties to the Secondment Agreement, nor did they assist in drafting that document.  Consequently, this court finds that Plaintiffs, Florida residents, did not contemplate arbitrating a dispute in London against HealthSouth, a company headquartered in Alabama, based on an alleged breach of the Letter Agreements.

The Secondment Agreement's arbitration provision does not apply to Plaintiffs' claims and the court cannot compel arbitration.  Thus, the FAA can not be a basis for federal subject matter jurisdiction.  Because no federal question exists in this case, and because Defendants are Alabama citizens,[11] this court lacks jurisdiction over this lawsuit.  This case is, therefore, due to be remanded to state court for further proceedings.

### CONCLUSION

The Renewed Motion to Compel Arbitration (doc. 21) is **DENIED** and the Motion for Leave to File an Amended Notice of Removal (doc. 35) is **DENIED as moot**.  The case is **REMANDED** to state court for further proceedings.

DONE and ORDERED this 13th day of March, 2006.

_/s/ Karon O. Bowdre_
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

---

[10] Def.'s Mot. to Compel Arb., Ex. C (Salo Letter Agreement, ¶ 10; Campbell Letter Agreement, ¶ 8; Rhodes Letter Agreement, ¶ 10).

[11] *See* 28 U.S.C. § 1441(b).