**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **JEWEL SALO, as personal representative of SAMAN H. SALO, deceased, WILLIAM A. CAMPBELL, an individual, RICHARD A. RHODES, an individual,** | ] ] ] ] ] ] ] |
| **Plaintiffs,** | ] ] |
| **v.** | ]    **CV-05-BE-0006-S** |
| | ] |
| **HEALTHSOUTH CORP., a corporation doing business in Alabama; VINCENT NICO, an individual, and ROBERT CROWDER, an individual,** | ] ] ] ] ] ] |
| **Defendants.** | ] ] |

**<u>MEMORANDUM OPINION</u>**

**INTRODUCTION AND BACKGROUND**

This case is before the court on HealthSouth's Motion to Reconsider (doc. 40).  For the reasons set forth below, the Motion is **DENIED**.

Plaintiffs filed their original Complaint in the Circuit Court of Jefferson County.  The Complaint set forth several state law claims and a claim under the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 28 U.S.C. § 1961.  HealthSouth removed the case to this court on the basis of federal question jurisdiction.  Thereafter, Plaintiffs filed an Amended Complaint that contained only state law claims for breach of contract, fraudulent misrepresentation, and intentional infliction of emotional distress.

HealthSouth filed a Renewed Motion to Compel Arbitration and a Motion to Dismiss in response to the Amended Complaint.  The court stayed discovery in the case pending resolution

of these Motions.  The court permitted the parties to fully brief these Motions and set the case for

hearing.  On the morning of the March 8, 2006 hearing, HealthSouth filed a Motion for Leave to

File an Amended Notice of Removal.  The court did not give Plaintiffs an opportunity to respond

to this Motion because the court determined that the Federal Arbitration Act ("FAA") did not

apply; however, the court would have entered a briefing schedule on the Motion had it been

necessary.  Notwithstanding the absence of federal question jurisdiction on the face of the

Amended Complaint, HealthSouth argued that this court had subject matter jurisdiction in

accordance with the FAA.  After hearing oral arguments, the court determined that the contracts

at issue did not trigger any applicable arbitration provision, therefore, the FAA did not apply.

Consequently, the court found that there was no basis for subject matter jurisdiction and

remanded the case to state court.  (*See* docs. 37-38).

## DISCUSSION

In its Motion to Reconsider, HealthSouth contends that the Amended Complaint, which

eliminated any claim based on federal law, did not divest the court of subject matter jurisdiction.

HealthSouth cites *Poore v. American-Amicable Life Ins. Co. of Texas* for the proposition that the

court cannot consider post-removal events in re-examining the basis for subject matter

jurisdiction.  *See* doc. 41, pp. 4-5; citing *Poore v. American-Amicable Life Ins. Co. of Texas,* 218

F.3d 1287, 1289 (11th Cir. 2000).  Rather, HealthSouth concludes that the court must determine

whether it had jurisdiction *at the time of removal*.

The court disagrees.  Subject matter jurisdiction in *Poore* was based on diversity

jurisdiction and the amended complaint in that case modified allegations regarding the amount in

controversy.  218 F.3d at 1289.  In contrast, jurisdiction in this case was, and always has been,

based on federal question jurisdiction.  The court finds that *Carnegie-Mellon University v.*

*Cohill*, 484 U.S. 343 (1988) is more applicable to this dispute.  In that case, the plaintiffs brought

suit in state court under the Age Discrimination in Employment Act ("ADEA") and various state

law claims.  *Id*. at 345.  The defendants removed the case pursuant to federal question

jurisdiction.  *Id*. at 345-46.  The plaintiffs subsequently dismissed the federal law claim and

moved to remand the case to state court.  *Id*. at 346.  The district court granted the motion to

remand, and the Supreme Court upheld the district court's decision.  *Id*. at 348.  In so holding,

the Supreme Court

> conclude[d] that a district court has discretion to remand to state court a removed
> case involving pendent claims upon a proper determination that retaining
> jurisdiction over the case would be inappropriate.  The discretion to remand
> enables district courts to deal with cases involving pendent claims in the manner
> that best serves the principles of economy, convenience, fairness, and comity
> which underlie the pendent jurisdiction doctrine.

*Id*. at 357.  The Eleventh Circuit has applied this principle in its decisions.  *See Behlen v. Merrill

Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002) (recognizing that the federal district court "had

discretion to retain jurisdiction over the state law claims even after Behlen amended the

complaint to remove any federal cause of action"); *Lewis v. City of Petersburg*, 260 F.3d 1260,

1267 (11th Cir. 2001) (requiring district court to reconsider whether it should exercise

supplemental jurisdiction over a state law claim when the federal claims were dismissed); *Ensley

v. Soper*; 142 F.3d 1402, 1407 n. 6 (11th Cir. 1998) (noting that the exercise of pendent

jurisdiction is at the discretion of the court); *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466,

1473 n. 18 (11th Cir. 1997) ("[w]hen federal law claims have dropped out of the lawsuit in its

early stages and only state-law claims remain, the federal court should decline the exercise of

jurisdiction...") (internal citation omitted); *Baggett v. First. Nat'l Bank*, 117 F.3d 1342, 1353

(11th Cir. 1997) (noting the court's discretion to exercise supplemental jurisdiction and finding

3

that remaining state law claims are best resolved in state court).

Similar to the plaintiffs in *Cohill*, Plaintiffs in this case amended their original Complaint to eliminate any federal law claims. Consequently, only state law claims are alleged in their Amended Complaint. Taking into account the principles of economy, convenience, fairness, and comity, the court cannot conclude that it was error to remand this case.

HealthSouth also argues that subject matter jurisdiction was proper as of the date of removal pursuant to Chapter 2 of the FAA, 9 U.S.C. § 201. HealthSouth contends that the FAA is an independent basis for federal jurisdiction that existed when the case was removed and continues to exist today. Accordingly, HealthSouth states that the remand Order was improper.

The Amended Complaint asserts no claim under the FAA. However, HealthSouth's Motion to Compel Arbitration raised the *possibility* that the FAA applied to this dispute because of the inter-relationship of the contracts at issue in this case. The court recognized this possibility and analyzed the parties' briefs and oral arguments on this issue. Pursuant to that analysis, the court, in accordance with its previous Memorandum Opinion and Order, concluded that (1) the arbitration provision at issue does not apply to Plaintiffs' claims; (2) the court could not compel arbitration; and (3) the FAA could not, therefore, be a basis for federal question jurisdiction. *See* doc. 37, p. 10. HealthSouth offers nothing in its Motion to Reconsider that would justify altering these findings. The court, therefore, reiterates its conclusion that the FAA does not apply and is not a basis for federal question jurisdiction in this case.

HealthSouth finally states that a single RICO claim is sufficient to give this court subject matter jurisdiction. The court agrees with HealthSouth on this narrow issue. However, that does not change the fact that Plaintiffs amended their original Complaint to strike the RICO claim. Without a federal claim, and in the absence of diversity jurisdiction, this court lacks jurisdiction

over this dispute.  HealthSouth's Motion to Reconsider is **DENIED**.

DONE and ORDERED this 29th day of March, 2006.


_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE